FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2017 OCT 16 PM 4:48

| | |
|---|---|
| JULIA GUERRERO, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>-against-<br><br><br>MIDLAND CREDIT MANAGEMENT, INC.<br><br>Defendant. | Civil Case Number:<br><br>6:17-cv-1798-ORL-37-GJK<br><br><u>CIVIL ACTION</u><br><br>CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL |

Plaintiff, JULIA GUERRERO (hereinafter, "Plaintiff"), a Florida resident, brings this class complaint by and through her undersigned attorneys against Defendant MIDLAND CREDIT MANAGEMENT, INC. (hereinafter "Defendant" or "MCM"), for its violations of the Fair Debt Collection Practices Act 15 U.S.C. §1692 (hereinafter "FDCPA"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts"

does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## NATURE OF THE ACTION

3. Plaintiff brings this action individually and on behalf of a Florida class seeking redress for Defendant's actions which violate the FDCPA.

4. It was the purpose of the FDCPA to eliminate abusive debt collection practices by debt collectors. See 15 U.S.C. §1692(e).

5. The regulations under the FDCPA include prohibiting debt collectors from making any false, misleading or deceptive representations, from attempting to collect an amount they are not entitled to, and from attempting to collect an amount they were unable to verify after a dispute.

6. Plaintiff is alleging that Defendant violated several sections in the FDCPA, including 15 U.S.C. §1692e.

7. Plaintiff is seeking statutory damages, actual damages, attorney's fees and costs, and declaratory and injunctive relief for the violations of the FDCPA.

## JURISDICTION AND VENUE

8. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

10. Plaintiff is a natural person and a resident of Orlando, Florida.

11. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

12. MCM is a collection agency located at 2365 Northside Drive, Suite 300, San Diego, California 92108.

13. MCM is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

14. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

15. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

16. Some time prior to April 2017, an obligation was allegedly incurred to GE Capital Retail Bank ("GE").

17. Plaintiff's last activity as it relates to the GE debt, was on or around June of 2013.

18. The GE obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or

household purposes.

19. The alleged GE obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

20. GE is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

21. On or around January 08, 2014 GE charged off the allegd debt and later sold or assigned it to Midland Funding, LLC.

22. Midland Funding, LLC is a subsidiary of Encore Capital Group, Inc., the nation's largest debt buyer and collector.

23. Midland Funding, LLC then hired the Defendant to attempt to collect the alleged debt.

24. Defendant contends that the GE debt is past due.

25. Defendant is a company that uses mail, telephone or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors.

26. On or about April of 2017, Defendant sent the Plaintiff a collection letter in an attempt to collect the alleged debt. See **Exhibit A.**

27. The letter was received and read by the Plaintiff.

28. The letter stated that the current balance was $2,767.12.

29. The letter further stated in part:

    "The law limits how long a debt can appear on your credit report. Due to the age of this debt, we will not report payment or non-payment of it to a credit bureau."

30. Plaintiff read the above statement and believed, as would any unsophisticated consumer, that this debt, or payments or non-payments of it, cannot legally ever be reported to a credit bureau because of the age of the debt.

31. Pursuant to the Fair Credit Reporting Act ("FCRA"), a collection account can appear on a consumers credit report for seven years from the date of last activity. See 15 U.S.C §1681c of the FCRA.

32. As Plaintiff's last activity was well within the seven years, Defendant statement was false and misleading.

33. By falsely advising the Plaintiff that the law prevents her account from being account from being credit reported, Defendant made a false and deceptive statement prohibited by the FDCPA.

34. Defendant's actions caused the Plaintiff a real risk of harm. For example, Plaintiff was left with the impression that there could be no negative consequence as it relates to her credit report if she does not pay the alleged debt. She could then find out days, months, or years later that the Defendant or some subsequent debt collector reported said debt and impacted her ability to obtain credit.

35. Defendant's false statements thus clearly had the ability to impact the least sophisticated debtor's decision as to whether or not to pay a debt.

36. Defendant, who is a direct subsidiary of the debt buyer in this case, clearly had the information to determine that the above statement was inaccurate.

37. The FDCPA expressly prohibits debt collectors from making any false, deceptive, or misleading representations in connection with the collection of a debt. See 15 U.S.C. §1692e.

38. On or around June 02, 2017, Plaintiff's attorney sent a letter of representation and request for validation from the Defendant for the alleged debt and the balance they were attempting to collect.

39. On July 10, 2017, Defendant responded to Plaintiff's request for validation and stated in part:

    > "After reviewing the information you provided, our account notes, and information provided by the previous creditor we have found that our information is correct. We have also enclosed documents regarding the account."

    See **Exhibit B.**

40. The document enclosed included a billing statement from GE which listed the balance at $2,732.12, $45.00 less than Defendant was attempting to collect. See **Exhibit C.**

41. Defendant, therefore, either did not have the proper information to verify that alleged balance of $2,767.12 or failed to provide it to the Plaintiff.

42. Defendant's statement, therefore, and its continued effort to collect $2,767.12 without properly validating the debt, was false, deceptive, and/or misleading.

## **CLASS ALLEGATIONS**

43. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class (the "Class") consisting of: a) All consumers who have an address in the state of Florida b) who were sent a collection letter from the Defendant c) attempting to collect a consumer debt owed to Midland Funding, LLC, d) that stated "The law limits how long a debt can appear on your credit report. Due to the age of this debt, we will not report payment or non-payment of it to a credit bureau." e) on a debt in which the law did not prohibit the reporting of payments or non-payments to a credit bureau f) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

44. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

45. Excluded from the Plaintiff Classes are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

46. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as *Exhibit A*, violate 15 U.S.C. § 1692e.

47. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

48. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

49. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   (a)  **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members

    would be impractical.

(b)  **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as *Exhibit A*, violate 15 U.S.C. § 1692e.

(c)  **Typicality:** The Plaintiffs' claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d)  **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are averse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e)  **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

50. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is

also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

51. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*
### (INDIVIDUALLY and on BEHALF OF ALL OTHERS SIMILARLY SITUATED)

52. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

53. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

54. Pursuant to 15 U.S.C. §1692e, a debt collector is prohibited from using false, deceptive, or misleading representation in connection with the collection of a debt.

55. The Defendant violated said section by:

   a. Falsely representing the character, amount, and legal status of the alleged debt in violation of 1692e(2);

   b. Making false or deceptive representation in connection with the collection of a debt in violation of 1692e(10).

56. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and

attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*
### (INDIVIDUALLY)

57. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

58. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

59. Pursuant to 15 U.S.C. §1692e, a debt collector is prohibited from using false, deceptive, or misleading representation in connection with the collection of a debt.

60. The Defendant violated said section in its July 10, 2017 letter by;

    a. Falsely representing the character, amount, and legal status of the alleged debt in violation of 1692e(2);

    b. Making false or deceptive representation in connection with the collection of a debt in violation of 1692e(10).

61. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### DEMAND FOR TRIAL BY JURY

62. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the undersigned as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: October 9, 2017            Respectfully submitted,

_s/ Katie Miller_
Katie M. Miller, Esq.   FBN 74194
The Law Offices of Katie M. Miller, PA
154701 Highway 50, Suite 204
Clermont, FL 34711
Tel: (855) 582-2737
Fax: (407) 442-3693
Email: attorneykstone@gmail.com

**PRO HAC VICE APPLICATION
TO BE FILED**
Yitzchak Zelman, Esq.
MARCUS ZELMAN, LLC
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
Phone: (732) 695-3282
Facsimile: (732) 298-6256
Email: yzelman@marcuszelman.com
*Attorneys for Plaintiff*